IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINSHAWN DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. |
| | ) | |
| VILLAGE OF RIVERDALE, RIVERDALE | ) | |
| POLICE OFFICER BADGE #143, and | ) | |
| OTHER UNKNOWN RIVERDALE | ) | |
| POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, QUINSHAWN DIXON, by and through his attorney, BASILEIOS J. FOUTRIS, and complaining against the Defendants, VILLAGE OF RIVERDALE, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on July 25, 2009 by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

1

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. The VILLAGE OF RIVERDALE is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the VILLAGE OF RIVERDALE was the employer of Defendants, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS. The Defendants, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS ("Defendant Officers" hereafter), were at all relevant times employed by the VILLAGE OF RIVERDALE as duly appointed police officers in the VILLAGE OF RIVERDALE acting within the course and scope of their employment and under color of law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On July 25, 2009, the Plaintiff was arrested in Riverdale, Illinois by police officers employed by the VILLAGE OF RIVERDALE. He was arrested, or his arrest was directly caused, by acts and/or omissions of the Defendant Officers.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

8. At the time of his arrest, without justification or provocation, the Plaintiff was grabbed by the throat and/or neck in a manner that caused unnecessary pain to the Plaintiff. In addition, at the time of his arrest, without justification or provocation, the

Plaintiff was Tasered by Defendant Officers. The Plaintiff was in handcuffs, and was complying with all lawful orders, when these actions were taken by the Defendant Officers.

9. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendant Officers at the time of his arrest.

10. Immediately before he was grabbed by the throat and/or neck by the Defendant Officers, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was grabbed by the throat and/or neck, he was not violating any laws, rules or ordinances. Immediately before he was Tasered by the Defendant Officers, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was Tasered, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

11. The Plaintiff was arrested, or was caused to be arrested, by the Defendant Officers without a warrant, without provocation, and without legal justification. There was no probable cause or legal justification to arrest the Plaintiff.

12. The Defendant Officers' acts were intentional, willful and wanton.

### COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

14. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

17. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, QUINSHAWN DIXON, prays for judgment in his favor and against the Defendants, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II- 42 U.S.C. §1983
### Failure to Intervene- Defendant Officers

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

19. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

21. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

22. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, QUINSHAWN DIXON, prays for judgment in his favor and against the Defendants, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count III- Illinois State Law
## Battery- All Defendants

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

24. As described above, the Defendant Officers, employees of the VILLAGE OF RIVERDALE, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as VILLAGE OF RIVERDALE

Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

26. Defendant VILLAGE OF RIVERDALE is liable as principal for all torts committed by its agents.

27. As a direct and proximate result of the acts of the Defendant Officers, employees of the VILLAGE OF RIVERDALE, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, QUINSHAWN DIXON, prays for judgment in his favor and against the Defendants, VILLAGE OF RIVERDALE, RIVERDALE POLICE OFFICER BADGE #143, and OTHER UNKNOWN RIVERDALE POLICE OFFICERS, awarding compensatory damages and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

### Count IV- Illinois State Law
### Indemnification- Village of Riverdale

28. The Plaintiff realleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

29. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

30. At all relevant times the VILLAGE OF RIVERDALE was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, QUINSHAWN DIXON, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, VILLAGE OF RIVERDALE, in the amounts awarded to the Plaintiff against the individual Defendants, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

                                           Respectfully Submitted by,

                                           s/Basileios J. Foutris
                                           BASILEIOS J. FOUTRIS
                                           Attorney for Plaintiff QUINSHAWN DIXON
                                           FOUTRIS LAW OFFICE, LTD.
                                           53 W. Jackson, Suite 252
                                           Chicago, IL 60604
                                           312-212-1200

Basileios J. Foutris
FOUTRIS LAW OFFICE, LTD.
Attorney for Plaintiff QUINSHAWN DIXON
53 West Jackson, Suite 252
Chicago, IL 60604
(312) 212-1200