IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUINSHAWN DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09 CV 06717 |
| v. | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| VILLAGE OF RIVERDALE, RIVERDALE | ) | Magistrate Michael T. Mason |
| POLICE OFFICER IVAN LUGO, | ) | |
| RIVERDALE POLICE OFFICER SHANDRE | ) | |
| HUBBARD, RIVERDALE POLICE | ) | |
| OFFICER DAVID DEMIK, and RIVERDALE | ) | |
| POLICE OFFICER MARK KOZELUH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COME Defendants, VILLAGE OF RIVERDALE, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in his individual capacity, and OFFICER MARK KOZELUH, in his individual capacity, by and through their attorneys, TRIBLER ORPETT & MEYER, P.C., and for their answer and affirmative defenses to Plaintiff's Amended Complaint, state as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically through 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants when the Plaintiff was arrested on July 25, 2009 by the Defendants.

**ANSWER:** Defendants admit that this action is brought pursuant to the laws of the United States Constitution, specifically through 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988,

and the Laws of the State of Illinois. Defendants deny the remaining averments contained within Paragraph 1. Defendants further deny any alleged deprivations of Plaintiff's civil rights.

## Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

**ANSWER:** Defendants admit the averments contained within Paragraph 2.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained within Paragraph 3.

4. The VILLAGE OF RIVERDALE is a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, the VILLAGE OF RIVERDALE was the employer of Defendants, RIVERDALE POLICE OFFICER IVAN LUGO, RIVERDALE POLICE OFFICER SHANDRE HUBBARD, RIVERDALE POLICE OFFICER DAVID DEMIK, and RIVERDALE POLICE OFFICER MARK KOZELUH. The Defendants, RIVERDALE POLICE OFFICER IVAN LUGO, RIVERDALE POLICE OFFICER SHANDRE HUBBARD, RIVERDALE POLICE OFFICER DAVID DEMIK, and RIVERDALE POLICE OFFICER MARK KOZELUH ("Defendant Officers" hereafter), were at all relevant times employed by the VILLAGE OF RIVERDALE as duly appointed police officers in the VILLAGE OF RIVERDALE acting within the course and scope of their employment and under color of law.

**ANSWER:** Defendants admit the averments contained within Paragraph 4.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**ANSWER:** Defendants deny Plaintiff's version of the events allegedly giving rise to the claims asserted.

## Facts

6. On July 25, 2009, the Plaintiff was arrested in Riverdale, Illinois by police officers employed by the VILLAGE OF RIVERDALE. He was arrested, and/or his arrest was directly caused, by acts and/or omissions of the Defendant Officers.

**ANSWER:** Defendants admit Plaintiff was given a citation for a municipal ordinance violation on July 25, 2009, by police officers employed by the Village of Riverdale. Defendants deny the remaining averments contained within Paragraph 6.

7. The Plaintiff posed no threat of danger to the Defendant Officers at any time before, during, or after his arrest. The Plaintiff did not resist or obstruct the Defendant Officers' acts at any time before, during, or after his arrest.

**ANSWER:** Defendants deny the averments contained within Paragraph 7.

8. At the time of his arrest, without justification or provocation, the Plaintiff was grabbed by the throat and/or neck in a manner that caused unnecessary pain to the Plaintiff. In addition, at the time of his arrest, without justification or provocation, the Plaintiff was Tasered by Defendant Officers. The Plaintiff was in handcuffs, and was complying with all lawful orders, when these actions were taken by the Defendant Officers.

**ANSWER:** Defendants deny the averments contained within Paragraph 8.

9. The Plaintiff suffered injuries and bodily harm due to the manner in which he was treated by the Defendant Officers at the time of his arrest.

**ANSWER:** Defendants deny the averments contained within Paragraph 9.

10. Immediately before he was grabbed by the throat and/or neck by the Defendant Officers, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was grabbed by the throat and/or neck, he was not violating any laws, rules or ordinances. Immediately before he was Tasered by the Defendant Officers, the Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was Tasered, he was not violating any laws, rules or ordinances. There was no probable cause or legal justification to use force to subdue the Plaintiff during his arrest. There was no probable cause or legal justification to handle the Plaintiff in a manner that caused injuries to him.

**ANSWER:** Defendants deny the averments contained within Paragraph 10.

11. The Plaintiff was arrested, or was caused to be arrested, by the Defendant Officers without a warrant, without provocation, and without legal justification. There was no probable cause or legal justification to arrest the Plaintiff.

**ANSWER:** Defendants deny the averments contained within Paragraph 11.

12. The Defendant Officers' acts were intentional, willful and wanton.

**ANSWER:** Defendants deny the averments contained within Paragraph 12.

### COUNT I- 42 U.S.C. §1983
### Excessive Force- Defendant Officers

13. The Plaintiff realleges Paragraphs 1 through 12, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 13.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 12 as though fully set forth herein, as their answer to this Paragraph 13.

14. As described above, the Defendant Officers used excessive force during the arrest of the Plaintiff.

**ANSWER:** Defendants deny the averments contained within Paragraph 14.

15. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the averments contained within Paragraph 15.

16. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendants deny the averments contained within Paragraph 16.

17. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the averments contained within Paragraph 17.

WHEREFORE, Defendants, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in his individual capacity, and OFFICER MARK KOZELUH, in his individual capacity, deny that they are liable in any sum whatsoever and move for judgment on their behalf and for costs and fees so wrongfully sustained.

**COUNT II- 42 U.S.C. §1983**
**Failure to Intervene- Defendant Officers**

18. The Plaintiff realleges Paragraphs 1 through 17, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 18.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 17 as though fully set forth herein, as their answer to this Paragraph 18.

19. The Defendant Officers stood by and watched without intervening to prevent the violence to which the Plaintiff was subjected, as referenced above, in violation of the United

States Constitution. The Defendant Officers had a reasonable opportunity to prevent the harm referenced above had they been so inclined, but failed to do so.

**ANSWER:** Defendants deny the averments contained within Paragraph 19. Defendants further deny that Plaintiff was subjected to any violence in violation of the United States Constitution.

20. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable, with malice, and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the averments contained within Paragraph 20.

21. The Defendant Officers' acts were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

**ANSWER:** Defendants deny the averments contained within Paragraph 21.

22. As a direct and proximate result of the Defendant Officers' acts, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the averments contained within Paragraph 22.

WHEREFORE, Defendants, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in his individual capacity, and OFFICER MARK KOZELUH, in his individual capacity, deny that they are liable in any sum whatsoever and move for judgment on their behalf and for costs and fees so wrongfully sustained.

## Count III - Illinois State Law
## Battery- All Defendants

23. The Plaintiff realleges Paragraphs 1 through 22, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 23.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 22 as though fully set forth herein, as their answer to this Paragraph 23.

24. As described above, the Defendant Officers, employees of the VILLAGE OF RIVERDALE, intended to cause, and did cause, harmful and offensive contact of the Plaintiff during the arrest of the Plaintiff.

**ANSWER:** Defendants deny the averments contained within Paragraph 24.

25. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment as VILLAGE OF RIVERDALE Officers, was objectively unreasonable, with malice, and was undertaken intentionally and was willful and wanton.

**ANSWER:** Defendants deny the averments contained within Paragraph 25.

26. Defendant VILLAGE OF RIVERDALE is liable as principal for all torts committed by its agents.

**ANSWER:** Defendants deny the averments contained within Paragraph 26.

27. As a direct and proximate result of the acts of the Defendant Officers, employees of the VILLAGE OF RIVERDALE, Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

**ANSWER:** Defendants deny the averments contained within Paragraph 27.

WHEREFORE, Defendants, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in

his individual capacity, and OFFICER MARK KOZELUH, in his individual capacity, deny that they are liable in any sum whatsoever and move for judgment on their behalf and for costs and fees so wrongfully sustained.

**Count IV- Illinois State Law
Indemnification - Village of Riverdale**

28. The Plaintiff realleges Paragraphs 1 through 27, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 28.

**ANSWER:** Defendants restate their answers to Paragraphs 1 through 27 as though fully set forth herein, as their answer to this Paragraph 28.

29. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

**ANSWER:** Defendants admit the averments contained within Paragraph 29.

30. At all relevant times the VILLAGE OF RIVERDALE was the employer of the Defendant Officers.

**ANSWER:** Defendants admit the averments contained within Paragraph 30.

WHEREFORE, Defendant, VILLAGE OF RIVERDALE, denies that it is liable in any sum whatsoever and moves for judgment on its behalf and for costs and fees so wrongfully sustained.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE:
Qualified Immunity**

Defendants, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in his individual capacity,

and OFFICER MARK KOZELUH, in his individual capacity, by and through their attorneys TRIBLER ORPETT & MEYER, P.C., plead the following as their First Affirmative Defense:

1. Under the totality of the circumstances, reasonably competent police officers would not have concluded that the actions of OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, violated Plaintiff's constitutional rights and, therefore, these Defendants are entitled to qualified immunity.

WHEREFORE, Defendants, OFFICER IVAN LUGO, in his individual capacity, OFFICER SHANDRE HUBBARD, in his individual capacity, OFFICER DAVID DEMIK, in his individual capacity, and OFFICER MARK KOZELUH, in his individual capacity, assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

## SECOND AFFIRMATIVE DEFENSE:
## 745 ILCS 10/2-202 AND 745 ILCS 10/2-109

Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, by and through their attorneys TRIBLER ORPETT & MEYER, P.C., plead the following as their Second Affirmative Defense:

Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, were acting in the execution or enforcement of laws within the meaning of Section 2-202 of the Tort Immunity Act (745 ILCS 10/2-202), and are entitled to immunity unless Plaintiff establishes that Defendants engaged in willful and wanton misconduct with respect to Plaintiff. The Village of Riverdale is entitled to immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, assert that they are

immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

## THIRD AFFIRMATIVE DEFENSE:
## 745 ILCS 10/2-201 AND 745 ILCS 10/2-109

Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, by and through their attorneys, TRIBLER ORPETT & MEYER, P.C., plead the following as their Third Affirmative Defense:

At all relevant times, Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, were exercising discretion in their acts and the determination of policy within the meaning of Section 2-201 of the Tort Immunity Act (745 ILCS 10/2-201), and they are entitled to absolute immunity in connection with Plaintiff's claims. The Village of Riverdale is entitled to this immunity, derivatively, under Section 2-109 of the Tort Immunity Act (745 ILCS 10/2-109).

WHEREFORE, Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, OFFICER MARK KOZELUH, and VILLAGE OF RIVERDALE, assert that they are immune from liability to Plaintiff and that Plaintiff is not entitled to the relief he seeks and that Plaintiff is not entitled to recover any sum of money whatsoever.

## FOURTH AFFIRMATIVE DEFENSE:
## Comparative Negligence and/or Willful and Wanton Conduct

Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, OFFICER MARK KOZELUH, and VILLAGE OF RIVERDALE, by and through their attorneys, TRIBLER ORPETT & MEYER, P.C., and, pursuant to 735 ILCS 5/2-613(d) and 735 ILCS 5/2-1116, plead as an affirmative defense of contributory and comparative

negligence and/or willful and wanton conduct limiting the recovery of Plaintiff, QUINSHAWN DIXON, and state as follows:

1. That Plaintiff, QUINSHAWN DIXON, pleads in his Amended Complaint that on July 25, 2007, he was injured by alleged force used by OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, while they were acting within the scope of their employment with the Village of Riverdale. Plaintiff further alleges that certain Defendant officers failed to intervene in the alleged excessive of other officers.

2. That Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, and OFFICER MARK KOZELUH, have answered Plaintiff's Amended Complaint denying that they are legally liable for alleged injuries to Plaintiff.

3. That if Plaintiff should obtain any judgment for damages against any Defendant in this action, said judgment for damages will be barred and set aside because Plaintiff was guilty of comparative fault, negligence and/or willful and wanton conduct in excess of 50% which proximate caused her own injuries.

4. That in the alternative, if judgment for damages is rendered in the cause herein in favor of Plaintiff and against Defendants, then these Defendants are entitled to a reduction of those damages in the amount that such damage was caused or contributed to be caused by Plaintiff's own fault, negligence and/or willful and wanton conduct.

5. That Plaintiff was guilty of the following acts of negligence and/or willful and wanton conduct which contributed to cause his own injuries:

    (a) used excessive force and assaulted a police officer;

    (b) failed to act as a reasonably prudent person with Defendants;

11

(c) raised his voice and was otherwise uncooperative with Defendants;

(d) failed to abide by instructions and orders by police officers;

(e) resisted arrest;

(f) resisted the officers' attempts to handcuff Plaintiff;

(g) resisted the officers' attempt to place Plaintiff in the squad car;

(h) was intoxicated at the time of the incident;

(i) acted disorderly in public;

(j) obstructed the police officers' investigation; and

(k) was otherwise careless, negligent, willful and wanton, and uncooperative with respect to Defendants.

6. That Plaintiff's acts of negligence, intentional and/or willful and wanton conduct was fault contributed to over 50% of the proximate cause of the accident or his own injuries or, in the alternatively, Defendants are entitled to reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault, negligence, intentional and/or willful and wanton conduct.

WHEREFORE, Defendants, OFFICER IVAN LUGO, OFFICER SHANDRE HUBBARD, OFFICER DAVID DEMIK, OFFICER MARK KOZELUH, and VILLAGE OF RIVERDALE, pray that any judgment for damages against them and in favor of Plaintiff be set aside and barred by Plaintiff's own fault, negligence, intentional and/or willful and wanton conduct which contributed to over 50% of the proximate cause of such accident or injuries or, in the alternative, pray that the amount of any judgment for damages against these Defendants and in favor of Plaintiff be reduced by that percentage to which Plaintiff's own fault, negligence, intentional and/or willful and wanton conduct contributed to such damages.

**JURY DEMAND**

Defendants demand trial by jury.

                                        TRIBLER ORPETT & MEYER, P.C.

                                        s/ William B. Oberts
                                        Attorney for Defendants

Michael J. Meyer, Esq. – ARDC #0619372
William B. Oberts, Esq. – ARDC #6244723
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Defendants' Answer & Affirmative Defenses to Plaintiff's Amended Complaint** was served upon:

Basileios J. Foutris, Esq.
Foutris Law Office, Ltd.
53 W. Jackson, Suite 252
Chicago, IL 60604
bfoutris@foutrislaw.com

service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 19th day of February, 2010, with proper postage prepaid.

s/ William B. Oberts
an Attorney